UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
TAMINA AZIZI,

               Plaintiff,

        - against -

JOSE SORIA GONZALEZ DE BUITRA,
EAN HOLDINGS a/k/a EAN HOLDINGS, LLC,
ENTERPRISE HOLDINGS, INC., and
ENTERPRISE RENT-A-CAR,

               Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-7134 (PKC) (RER)

PAMELA K. CHEN, United States District Judge:

On November 23, 2022, Defendant Jose Soria Gonzalez De Buitra filed a Notice of Removal ("Notice") removing this action from the Supreme Court of the State of New York, Queens County to this Court. (Notice, Dkt. 1, at ECF[1] 1.) For the reasons set forth below, this case is *sua sponte* remanded to the state court.

## BACKGROUND

According to her Complaint, Plaintiff was seated in the rear passenger seat of a motor vehicle that was involved in a collision on July 1, 2019, at the intersection of 21st Street and 36th Avenue in Queens, New York, with a 2018 Ford vehicle operated by Defendant Gonzalez De Buitra. (Compl., Dkt. 1, at ECF 15, ¶¶ 56–57.) Confusingly, Plaintiff alleges that Gonzalez De Buitra, and Defendants EAN Holdings a/k/a EAN Holdings LLC, Enterprise Holdings, Inc., and Enterprise Rent-A-Car (collectively, "Corporate Defendants") were each the lessee, lessor, and title owner of the Ford vehicle at the time of the collision. (*See id.*, Dkt. 1, at ECF 7–11, ¶¶ 8–11,

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

16–19, 24–27, 32–35).  Plaintiff further claims that "solely due to the negligence, recklessness, carelessness, and culpability" of Defendants, she "sustained serious bodily injury."  (*Id.*, Dkt. 1, ECF 16, ¶ 60.)  According to the Complaint, Plaintiff was damaged "in an amount which exceeds the monetary jurisdictional limits of all Courts having jurisdiction save the Supreme Court of the State of New York."  (*Id.* at ¶ 62.)  Plaintiff further alleges that she "sustained serious bodily injury as defined in Section 5102(d) of the Insurance Law of the State of New York," and she "sustained, or will sustain, economic loss greater than basic economic loss as defined in Section 5102 of the Insurance Law of the State of New York."  (*Id.* at ¶¶ 59, 61.)

Defendant Gonzalez De Buitra invokes diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction.  (Notice, Dkt. 1, at ECF 1.)  Gonzalez De Buitra alleges that Plaintiff is a citizen of New York, while he is a citizen of Washington, D.C., and further states "upon information and belief" that Corporate Defendants are "residents of Delaware and Missouri."  (*Id.*)  In the Notice, Gonzalez De Buitra summarily asserts that the "amount in controversy between the parties exceeds $75,000" (*id.*), and notes that Plaintiff has not responded to a "Notice to Admit" that he sent Plaintiff on October 26, 2022, requesting that Plaintiff admit that the "amount of controversy . . . exceeds the sum or value of $75,000 exclusive of interest and costs" (*see* Notice to Admit, Dkt. 1, at ECF 47–50).  To date, Plaintiff has not filed a motion for remand.

## DISCUSSION

As a threshold matter, the Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff.  The relevant statute, 28 U.S.C. § 1447(c), states in part:

> A motion to remand the case on the basis of any defect other than lack of subject
> matter jurisdiction must be made within 30 days after the filing of the notice of

> removal under [S]ection 1446(a). If at any time before final judgment it appears
> that the district court lacks subject matter jurisdiction, the case shall be remanded.

*Id.* The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133–34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Here, as in all cases removed to federal court based on diversity jurisdiction, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045–46 (2d Cir. 1991)).

In this case, Defendant Gonzalez De Buitra has failed to meet his burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied. Gonzalez De Buitra's assertion that "the amount in controversy for removal purposes . . . exceeds the sum or value of $75,000" is based primarily on the fact that Plaintiff has not served a response to Gonzalez De Buitra's "Notice to Admit." (Dkt. 1, at ECF 1, 47.) Although federal courts "allow remands on the basis of plaintiff[s'] stipulations to damages amounts that fall below the diversity jurisdictional threshold," *Luce v. Kohl's Dep't Stores, Inc.*, 23 F. Supp. 3d 82, 85 (D. Conn. 2014)

(citing *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 595 (2013)), the inverse is not true. *See CG by Georges v. Target Corp.*, No. 22-CV-6247 (PKC) (JRC), 2022 WL 15497124, at *2 (E.D.N.Y. Oct. 27, 2022) ("[T]he Court will not infer from a refusal to sign such a stipulation that Plaintiffs' claims necessarily exceed the $75,000 amount in controversy threshold."); *see also Price v. PetSmart Inc.*, 148 F. Supp. 3d 198, 201 (D. Conn. 2015) ("[T]he fact that a plaintiff will not stipulate to damages of less than $75,000 does not alone compel a conclusion that the actual amount in controversy is more than $75,000 in the absence of other evidence that this is so."). Similarly, the Court will not infer from Plaintiff's failure to respond to Defendant Gonzalez De Buitra's "Notice to Admit" that the amount in controversy is, in fact, greater than $75,000.

Furthermore, here, "Defendant [Gonzalez De Buitra] cannot meet his burden by relying on inferences drawn from [Plaintiff's] Complaint, because the Complaint does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Plaintiff only alleges that she was damaged "in an amount which exceeds the monetary jurisdictional limits of all Courts having jurisdiction save the Supreme Court of the State of New York." (*Id.*, Dkt. 1, ECF 16, ¶ 62.) Because lower civil courts of New York State cannot entertain actions seeking to recover more than $25,000, that allegation alone does not indicate that the amount in controversy is greater than $75,000. *See De Garcia v. Tropicana Ent. Inc.*, No. 22-CV-12 (AMD) (JRC), 2022 WL 375996, at *2 (E.D.N.Y. Feb. 8, 2022) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages "in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction" and explaining such a clause "merely indicates an amount in controversy in excess of $25,000") (internal citations omitted); *see also id.* (collecting cases). Plaintiff further alleges that she "sustained or will sustain, economic loss

greater than basic economic loss as defined in Section 5102 of the Insurance Law of the State of New York." (*Id.*, Dkt. 1, ECF 16, ¶ 61.)  However, Section 5102, which corresponds to Article 51 of New York's Insurance Law, defines "basic economic loss" as up to fifty thousand dollars per person." N.Y. Ins. Law § 5102. *See Herrera*, 2016 WL 4536871, at *2 (explaining that allegations of "'economic loss greater than basic economic loss' [under Article 51 of the Insurance Law] does not, in and of itself, satisfy the required jurisdictional amount"); *see also Islam v. Hertz Vehicles*, No. 20-CV-4515 (PKC) (RLM), 2020 WL 5893965, at *2 (E.D.N.Y. Oct. 5, 2020) (remanding case because "general allegations" based on Article 51 of the New York Insurance Law "are not enough" to support federal diversity jurisdiction).

Finally, neither the Complaint nor the Notice contains sufficient information regarding the nature and extent of Plaintiff's injuries to permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied.  Plaintiff alleges that she "sustained serious bodily injury" (*see* Compl., Dkt. 1, at ECF 16, ¶ 60), but she does not specify the "nature and extent of Plaintiff's' injuries, the treatment received, or details regarding the other losses [she] purportedly suffered." *Herrera*, 2016 WL 4536871, at *2.  Plaintiff's boilerplate allegation that she suffered "serious bodily injury" as defined in Section 5102(d) of the Insurance Law of the State of New York is also too vague to support a claim for greater than $75,000 in damages. *See id.* (remanding notwithstanding allegation that Plaintiff "sustained a serious injury as defined by Article 51 of the Insurance Law").  In sum, without additional detail regarding the nature of the injuries and damages Plaintiff suffered, the Court cannot say with a "reasonable probability" that

the amount in controversy exceeds $75,000.  *See United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).[2]

Accordingly, the Court finds that Defendant Gonzalez De Buitra's allegations in his Notice are insufficient to support the exercise of federal subject matter jurisdiction.  Remand to state court is therefore proper.  *See, e.g.*, *Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding for lack of subject matter jurisdiction where only basis of satisfying amount-in-controversy requirement was a similar *ad damnum* clause in complaint).

## CONCLUSION

For the reasons explained above, this case is remanded to the Supreme Court of the State of New York, County of Queens, under index number 713734/2022, for lack of subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated:  December 13, 2022
        Brooklyn, New York

---

[2] With respect to sufficiently alleging the amount-in-controversy, Gonzalez De Buitra was not without recourse.  While N.Y. C.P.L.R. § 3017(c) prohibits plaintiffs from specifying a particular amount of damages in the state court complaint, the same statute provides a mechanism for defendants to ascertain the amount in controversy: a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself [or herself] entitled."  N.Y. C.P.L.R. § 3017(c).  Furthermore, "the removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought."  *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).  "Rather than prematurely removing the action to this Court, Defendant should have availed himself of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages."  *Herrera*, 2016 WL 4536871, at *2; *cf. Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").